IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER JONES, | : | |
|     Petitioner | : | No. 1:09-cv-1518 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| PENNSYLVANIA BOARD OF | : | (Magistrate Judge Smyser) |
| PROBATION AND PAROLE, et al., | : | |
|     Respondents | : | |

## MEMORANDUM ORDER

Pending before the Court are the January 7, 2010 report and recommendation of Magistrate Judge J. Andrew Smyser, (Doc. No. 35), and the objections of Petitioner Christopher Jones, (Doc. No. 40).[1] The Court will adopt the report and recommendation of Judge Smyser, but will write briefly to address the objections raised by Petitioner regarding whether his procedural default of his state court claims should be excused.

The background of this case is set forth in Judge Smyser's report and need not be reproduced here. Petitioner was convicted in May 2008 of a cocaine offense and was sentenced as a federal career offender. In his 28 U.S.C. § 2254 petition, Petitioner challenges his prior conviction in the Court of Common Pleas of Lycoming County, where he pled guilty to a

---

[1] In this Court's March 1, 2010 Memorandum Order, the Court vacated its order adopting Judge Smyser's report and recommendation so that the Court could consider Petitioner's objections. (See Doc. No. 41.) Petitioner's objections were not received by the Court until after the Court issued its initial order. However, the Court accepted Petitioner's signed statement that the objections were deposited in the prison mail on February 8, 2010, and deemed the objections timely.
    The Court allowed Respondents fourteen days from the issuance of its March 1, 2010 Order to file a brief in opposition to Petitioner's objections, if they chose to respond. That deadline has now elapsed, with no further briefing provided by Respondents. The matter is therefore ripe for disposition.

1

cocaine offense in January 2001. The Lycoming County conviction was a partial basis for his categorization as a federal career offender in 2008. Petitioner seeks to vacate his Lycoming County conviction and judgment of sentence on the grounds of ineffective assistance of counsel. Specifically, Petitioner contends that

> his attorney did not advise him in counseling him prior to his guilty plea that his conviction would potentially form a part of the basis for him to be deemed a federal career offender subject to an enhanced penalty upon his later commission of a federal crime and resulting federal conviction. He alleges that he was told at the time of his plea that no additional penalties, imprisonment or otherwise, could be the result of his guilty plea. The petitioner also claims that his plea was not knowingly, intelligently and voluntarily entered, in that he did not understand the consequences of entering his plea.

(Doc. No. 35 at 2.) In his report, Judge Smyser finds that Petitioner procedurally defaulted his state court claim and that Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice to excuse the default. (Id. at 6-7.) Judge Smyser recommends that Petitioner's application be denied without examining the merits because of Petitioner's failure to exhaust state remedies, the absence of grounds to excuse exhaustion, and the expiration of the statutory limit for the § 2254 petition. (Id. at 8.) Judge Smyser further notes that even if the Court were to reach the merits, "the petition should be denied . . . because there is not any authority to support the petitioner's assertion that counsel was ineffective for not providing advice as to the penalties that the client would face for future crimes that he would commit after the crime to which he was pleading guilty." (Id.) Finally, Judge Smyser recommends that the Court deny Petitioner's motion for a default judgment. (Id. at 8-9.)

At issue before the Court is whether Petitioner can excuse his procedural default on his state court claims from 2001. "[I]f a federal court determines that a claim has been defaulted, it

may excuse the default only upon a showing of 'cause and prejudice' or a 'fundamental miscarriage of justice.'" Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (quoting Lines v. Larkins, 208 F.3d 153, 166 (3d Cir. 2000)). In order to succeed under the first prong, a petitioner must show "some objective factor external to the defense [that] impeded . . . efforts to comply with the . . . procedural rule, as well as prejudice." Id. (citations and internal quotation marks omitted). Otherwise, to establish a fundamental miscarriage of justice, a petitioner must typically demonstrate "actual innocence." Id. at 366 (citation omitted).

"Ineffective assistance of counsel that rises to the level of a Sixth Amendment violation constitutes cause for a procedural default." Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009) (citation omitted). Thus, in establishing a procedural default for ineffective assistance of counsel, a petitioner must show that her counsel's performance was deficient pursuant to the framework set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Hodge, 554 F.3d at 379. "Pursuant to Strickland's now-familiar test, an attorney renders ineffective assistance when his performance 'f[alls] below an objective standard of reasonableness,' given the particular circumstances of the case at hand." Id. (quoting Strickland, 466 U.S. at 688).

Petitioner argues that his procedural default should be excused based on ineffective assistance of counsel because he was never informed of his right to file a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"). (Doc. No. 40 at 3-7.) Petitioner contends that he was instead misled by his counsel and the state court to believe that an ineffective assistance claim could "only" be pursued through a direct appeal. (Id.) Petitioner avers the instructions were "incorrect and misleading" because "ineffective assistance claims are 'generally limited to collateral review . . . .'" (Id. at 5.) The Court finds Petitioner's claims

3

unpersuasive.  Although ineffective assistance claims are now generally limited to collateral review, that was not the state of the law at the time of Petitioner's January 2001 sentencing. Rather, it was not until the December 31, 2002 decision of <u>Commonwealth v. Grant</u>, 813 A.2d 726 (Pa. Sup. Ct. 2002), that the Supreme Court of Pennsylvania held that claims of ineffective assistance should be deferred until collateral review under the PCRA.  <u>Grant</u>, 813 A.2d at 738 ("We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.").  Prior to <u>Grant</u>, Pennsylvania state courts required ineffective assistance claims to be raised "at the time a petitioner had new counsel . . . ." <u>Id.</u> at 733; <u>see, e.g.</u>, <u>Commonwealth v. Pierce</u>, 786 A.2d 203, 212 (Pa. Sup. Ct. 2001) ("Because all of Appellant's assignations of trial court error and claims of ineffective assistance of trial counsel could have been raised in his post-verdict motions or on direct appeal, those claims are waived."), <u>abrogated by</u> <u>Grant</u>, 813 A.2d 726.  At Petitioner's state court sentencing in January 2001–almost two years before the <u>Grant</u> decision–it was not objectively unreasonable for his counsel to advise him that he could raise an ineffective assistance claim on direct appeal. Rather, this advice comported with the law in place at that time.

Petitioner also claims that "because of the written colloquy's lack of information concerning PCRA procedures, coupled with counsel's and the sentencing court's failure to inform the petitioner's of those procedures, petitioner had no way of knowing that he had the option of filing a PCRA petition in state court."  (Doc. No. 40 at 5-6.)  Petitioner contends that by being instructed that he could raise a claim of ineffective assistance of counsel on direct appeal, "any defendant–even one who is otherwise aware of PCRA petitions . . . –would understand this to mean that all other attacks are waived EXCEPT that which is mentioned . . . ."

4

(Doc. No. 40 at 7.) The Court disagrees: Just because Petitioner was advised that he could raise an ineffective assistance claim on appeal, it does not logically follow that this could reasonably be understood to mean that "all other attacks are waived."

Petitioner is also unable to establish prejudice to excuse his failure to procedurally default. "To establish prejudice, 'a defendant must demonstrate that there is a reasonable probability that, but for counsel's [ineffective assistance], he would have timely appealed.'" Hodge, 554 F.3d at 381 (quoting Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)). Here, Petitioner was advised of his right to file a direct appeal on an ineffective assistance claim in 2001, and he chose not to do so.

Petitioner has failed to demonstrate that his procedural default should be excused for cause and prejudice.[2] Therefore, after carefully reviewing the Petitioner's objections, the Court finds that it will adopt Judge Smyser's report and recommendation.

**AND NOW**, this 16th day of June 2010, **IT IS HEREBY ORDERED THAT**:

1. The Court **ADOPTS** Magistrate Judge Smyser's report and recommendation (Doc. No. 35). Accordingly, the petition for a writ of habeas corpus and the motion for default judgment are **DENIED**.

2. Petitioner's motion for summary judgment (Doc. No. 46) is **DENIED** as without merit.

---

[2] The Court notes that even if it were to reach the merits in this case, Petitioner's claim would likely fail. As Judge Smsyer aptly notes, the "assertion that in the absence of [counsel's] advice [Petitioner] believed in electing to plead guilty he could assume in committing new offenses that his Lycoming County drug conviction would not be a sentencing factor is not an assertion that a court would find to be credible. It is not a state of mind that a habeas court would hold counsel or the trial court to bear some responsibility to dispel." (Doc. No. 35 at 8); see also United States v. Salmon, 944 F.2d 1106, 1130 (3d Cir. 1991) (finding that "[d]ue process does not require that a defendant be advised of 'collateral, but foreseeable, adverse consequences of the entry of a plea'") (citation omitted).

3. The Clerk of Court is directed to close this case. No certificate of appealability will issue.

                                                S/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania